UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ROBERT QUARLES,

                Petitioner,

      -against-

UNITED STATES OF AMERICA,

                Respondent.
---------------------------------------------------------------X

FILED
CLERK
2:40 pm, Nov 08, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**MEMORANDUM AND ORDER**
19-CR-0156 (GRB)

**GARY R. BROWN, United States District Judge:**

Petitioner Robert Quarles, convicted for his participation in significant narcotics trafficking offenses, files the instant motion pursuant to 28 U.S.C. § 2255, seeking to vacate his sentence of 220 months and for resentencing. This matter, initially before Senior District Judge Denis Hurley, has been reassigned to the undersigned for review. Because Quarles raises no meritorious grounds to challenge the sentencing, the petition is DENIED in all respects.

**Background**

On August 4, 2021, Quarles entered a guilty plea to three counts, including conspiracy and substantive charges involving distribution of heroin and fentanyl. Docket Entry ("DE") 164. That plea was entered pursuant to a plea agreement emanating from negotiation between, as Judge Hurley found, "two very competent attorneys" that estimated an advisory Sentencing Guidelines level of 33, with a concomitant recommended sentencing range of 188-235 months, assuming the petitioner had a Criminal History Category IV. *See* DE 250-1 ("Plea Agreement") at 4; DE 257 ("Sentencing Tr.") at 4. That Plea Agreement bears the signature of the petitioner and his attorney. Plea Agreement at 10. At his plea hearing, Quarles, testifying under oath, acknowledged that he read the agreement, discussed it with his attorney and signed it. DE 169 at

1

9. He further acknowledged that he would be unable to appeal or collaterally attack his conviction or sentence if the sentence imposed was less than 262 months. *Id.* at 8-10. He also averred that no one had made him any promises other than those contained in the plea agreement and he had received no promises as to what his sentence would be. *Id.* at 19.

After a thorough investigation, as reflected in the Pre-Sentence Report, the Probation Department determined that the adjusted offense level should be 37 at Criminal History Category VI, resulting an advisory sentencing guidelines range of 360 months to life. DE 182 at 26. Part of the differential between the plea agreement estimates and the Probation Department's calculation was the absence of a reduction for acceptance of responsibility. As explained in the PSR:

> Based on the defendant's guilty plea, which spared the Court and the Government the burden of preparing for trial, a reduction for acceptance of responsibility would ordinarily be warranted. However, well after the defendant was arrested and detained at the MDC in connection with the instant offense, he extorted a substantial sum of money from a fellow inmate by threatening him with physical harm. This conduct occurred over the course of several months and resulted in the fellow inmate's grandmother sending $9,850 to a friend of the defendant. Accordingly, since the defendant continued to engage in very serious criminal activity (extortion) well after his arrest in this case, it cannot be said that an adjustment for acceptance of responsibility pursuant to USSG §3E1.1 is warranted.

DE 182 at 9. Notwithstanding the higher Guidelines recommendation, the Probation Department recommended a 300-month sentence, noting:

> The instant offense is a serious one. The defendant supplied other drug dealers, and is accountable for a large amount of drugs. Additionally, the defendant supplied a heroin/fentanyl mixtures to one dealer, which mixture subsequently contributed to the overdose deaths of two drug users. The defendant also has a serious criminal history, and he is classified as a career offender. Moreover, two of the defendant's prior convictions involved some form of sexual misconduct, which exacerbates the defendant's serious prior history.

DE 182-1 at 1, 4.

Notwithstanding the determination and recommendation of the Probation Department, Judge Hurley, upon the joint motion of the parties, accepted the lower guidelines range presented in the plea agreement—188-235—and imposed a 220-month sentence. Sentencing Tr. at 4, 25. Notably, Judge Hurley's sentence was significantly below the sentence suggested by the advisory sentencing guidelines as calculated by the Probation Department and its recommendation, squarely within the guideline estimate in the plea agreement and well below the appellate waiver contained in the plea agreement.

**The Petition**

In his *pro se* petition brought pursuant to 28 U.S.C. § 2255, Quarles seeks relief claiming ineffective assistance of counsel by his attorney. His principal contentions relate to the calculation of the advisory guidelines range, purported misinformation from his counsel concerning the effect of an allocution to selling more than a kilogram of heroin, rather than fentanyl, and an unsupported claim that he was told that his advisory guidelines range would be a level 32, rather than the level 36 contained in the plea agreement. DE 237 at 3-4. His major objection, other than a concern about being punished for selling fentanyl (which was not included in the calculation adopted by the Court), was the disparity between allocuting to more than one kilogram of heroin and being sentenced based upon a Guidelines calculation using 40 kilograms of heroin. DE 256 at 4-5.

**Discussion**

*Standard of Review*

Section 2255 of Title 28, United States Code, allows federal prisoners to challenge the constitutionality of their sentences. This section provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in

3

>violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  To qualify for relief under § 2255, the petitioner must demonstrate "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in complete miscarriage of justice.'" *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996) (quoting *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995)).

Petitioner argues ineffective assistance of counsel.  These claims include the purported Sentencing Guidelines disparity mentioned above, along with a failure to permit Quarles to review the sentencing memo submitted by his attorney.  DE 265 at 6.  A petitioner claiming ineffective assistance of counsel "must show that (1) counsel's performance was objectively deficient, and (2) petitioner was actually prejudiced as a result." *Harrington v. United States*, 689 F.3d 124, 129 (2d Cir. 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88, 692–93 (1984)).  The burden of showing ineffective assistance is "a heavy one because, at the first step of analysis, [a court] must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

"The determinative question at this step is not whether counsel 'deviated from best practices or most common custom,' but whether his 'representation amounted to incompetence under prevailing professional norms.'" *Id.* at 129–30 (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)).  The standard for evaluating the adequacy of counsel's representation is "a most deferential one," *Richter*, 562 U.S. at 105, because "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable

professional judgment." *United States v. Thomas*, 608 F. App'x 36, 38 (2d Cir. 2015) (quoting *Strickland*, 466 U.S. at 690).

Should petitioner clear this first hurdle by demonstrating ineffective performance by counsel, prevailing on a § 2255 petition then requires demonstrating actual prejudice from identified errors. "[T]he question to be asked in assessing the prejudice from counsel's errors . . . is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Henry v. Poole*, 409 F.3d 48, 63–64 (2d Cir. 2005) (quoting *Strickland*, 466 U.S. at 695). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Lindstadt v. Kean*, 239 F.3d 191, 204 (2d Cir. 2001) (quoting *Strickland*, 466 U.S. at 691). Where, as here, petitioner challenges sentencing, the prejudice prong mandates that petitioner show either that counsel's failings "suffice to undermine [ ] confidence in the outcome of [the] original sentencing," *Gonzalez v. United States*, 722 F.3d 118, 136 (2d Cir. 2013), or "would have changed [ ] the sentence imposed," *Strickland*, 466 U.S. at 700.

*Analysis*

The Government argues that Quarles's petition is barred by the appellate waiver contained in his plea agreement, as his sentence of 220 months is far below negotiated waiver of collateral attack if the sentence imposed was less than 262 months. DE 248 at 6. "[A] defendant who has secured the benefit of a plea agreement and knowingly waived the right to collaterally attack a certain sentence may not then collaterally attack the sentence conforming to the agreement." *Papetti v. United States*, No. CIV.A. 09-3626 (DRH), 2010 WL 3516245, at *4

(E.D.N.Y. Aug. 31, 2010). In *Garcia-Santos v. United States*, 273 F.3d 506, 508 (2d Cir. 2001), the Circuit upheld a finding that a § 2255 petitioner had voluntarily surrendered his right to collaterally attack a sentence where, as here:

> (1) petitioner signed the plea agreement, (2) he stated to the magistrate judge that he had read and understood the plea agreement, (3) [he] did not attempt to appeal his sentence, even though he had been told by the sentencing judge that he had the right to appeal, (4) he did not claim, in his § 2255 motion, that he had not understood the waiver contained in his plea agreement, and (5) even in his petition for reconsideration, he did not assert explicitly or under oath that at the time of his plea he did not understand that he was giving up his right to appeal and petition under § 2255.

The Circuit explained the considerations underlying such waivers:

> the waiver was part of the bargain by which he received exemption from prosecution for other crimes, the government's stipulation to an acceptable Guidelines range, and the government's agreement that it would not seek upward departures or adjustments beyond that range. He therefore received significant assurance, although no guarantee, that the sentence would not exceed a predicted maximum severity.

*Garcia-Santos*, 273 F.3d at 509. All of these considerations are present in the instant case, and therefore, the waiver is valid and enforceable.

Even if the Court were to overlook the waiver, an examination of the sentencing transcript reveals that, even assuming he could establish ineffective assistance, the petitioner cannot satisfy the prejudice prong of *Strickland*. For example, the petitioner's new-found insistence that he was expecting to be sentenced with an adjusted offense level of 32 at Criminal History Category IV finds no support in this record.[1] More importantly, though, while the petitioner claims, without explanation, that he should be entitled to a three-level reduction for acceptance of responsibility, he fails to address his post-arrest extortionate conduct, which effectively removes his entitlement to a reduction for acceptance. *See* DE 182 at 9. Thus, an

---

[1] His entitlement to such a calculation is dubious, as his statement that "I was not signing to offense level (36)" is belied by the record, because that's exactly what happened. DE 256 at 5.

adjusted offense level of 32 at Criminal History VI provides an advisory range of 210-262, placing the sentence imposed at the low end of petitioner's contended Guidelines calculation.

Finally, Judge Hurley carefully and methodically considered the elements of § 3553(a) in crafting a sentence. Sentencing Tr. at 20-23. Noting that the petitioner had engaged in "outrageous" conduct that "shows a complete disregard for the welfare of others," Judge Hurley imposed a sentence of 220 months based upon a thoughtful and thorough analysis. *Id.* at 24-25. While Judge Hurley properly considered the adopted (and much reduced) Guidelines range as a starting point, the petitioner cannot show that the errors he purportedly identifies, even if meritorious, "would have changed [ ] the sentence imposed." *See Strickland*, 466 U.S. at 700. Based on the Guidelines range adopted by the Court, as well as the underlying conduct and petitioner's troubling criminal history, the sentence imposed appears fully consistent with the dictates of § 3553(a).

## CONCLUSION

Based on the foregoing, the Court finds that (1) the petition is barred by valid appellate waiver contained in the plea agreement; (2) petitioner's claims of ineffective assistance are without merit and (3) petitioners cannot demonstrate prejudice from any alleged errors. Thus, the petition is denied in its entirety.

The Court will not issue a certificate of appealability as it cannot be said that the petition identifies a colorable denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The Court certifies that an appeal of this Memorandum and Order as to those issues would not be taken in good faith, and thus *in forma pauperis* status is denied for the purposes of any appeal on those grounds. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Memorandum and Order to petitioner and to close the case.

**SO ORDERED.**

Dated: November 8, 2023
Central Islip, New York

/s/ Gary R. Brown
HON. GARY R. BROWN
UNITED STATES DISTRICT JUDGE